| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Robert M. Yaspan SBN: 051867<br>Law Offices of Robert M. Yaspan<br>21700 Oxnard Street, Suite 1750<br>Woodland Hills, CA 91367<br>Telephone: 818-905-7711<br>Fax: 818-501-7711<br><br>*Attorney for Plaintiff* Pacific Centrex Services Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Pacific Centrex Services, Inc.<br><br>Debtor. | CHAPTER 11<br><br>CASE NUMBER 09-17942-MT<br><br>ADVERSARY NUMBER |
|---|---|
| Pacific Centrex Services, Inc.<br>Plaintiff(s),<br><br>vs.<br><br>Universal Service Administration Company<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❏ 255 East Temple Street, Los Angeles          ❏ 411 West Fourth Street, Santa Ana

❏ 21041 Burbank Boulevard, Woodland Hills      ❏ 1415 State Street, Santa Barbara

❏ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                       **F 7004-1**

Summons and Notice of Status Conference - Page 2

F 7004-1

| In re<br>Pacific Centrex Services, Inc. | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: 09-17942-MT |
|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  _____  _____
Date                     Type Name                 Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

F 7004-1

Summons and Notice of Status Conference - *Page 3*

**F 7004-1**

| In re (SHORT TITLE)<br>Pacific Centrex Services, Inc.<br>Debtor(s). | CASE NO.: 09-17942-MT |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**

FORM B104 (08/07)            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Pacific Centrex Services, Inc. | **DEFENDANTS**<br>Universal Service Administration Company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Robert M. Yaspan<br>21700 Oxnard Street, Suite 1750<br>Woodland Hills, CA 91367 818-905-7711 | **ATTORNEYS** (If Known)<br>Christine E. Devine<br>1700 West Park Drive<br>Westborough, MA 01581-3941 508-860-1480 |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Turnover of Property. ( 11 U.S.C. 542 and 543)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [X] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 328,170.00 |

**Other Relief Sought**
Accounting and costs of suit incurred.

FORM B104 (08/07), page 2                                                                                    2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** <br> Pacific Centrex Services Inc. || **BANKRUPTCY CASE NO.** <br> 09-17942-MT |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> San Fernando Valley | **NAME OF JUDGE** <br> Hon. Maureen Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |||
| **DATE** <br> 12/7/09 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Robert M. Yaspan ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

ROBERT M. YASPAN, Cal. SBN 051867
DEBRA R. BRAND, Cal. SBN 162285
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Phone: (818) 774-9929
Fax: (818) 774-9989
Email: ryaspan@yaspanlaw.com

General Counsel for Debtor/Plaintiff
Pacific Centrex Services, Inc.

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC CENTREX SERVICES, INC.<br><br>    Debtor.<br><br>_____<br><br>PACIFIC CENTREX SERVICES, INC., a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSAL SERVICE ADMINISTRATION COMPANY, Administrator of the Universal Service Fund of The Federal Communications Commission,<br><br>    Defendants. | Case No.: 1:09-bk-17942-MT<br><br>Chapter 11<br><br>Adv. No.<br><br>**COMPLAINT FOR TURNOVER<br>(11 U.S.C. §§ 542, 543)** |

Pacific Centrex Services, Inc., the herein Debtor-In-Possession ("PCS"), alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction under 28 U.S.C. Sections 157 and 1334(b) of the subject matter of PCS' claims for relief in this adversary proceeding. The claims for relief arise under title 11 of the

COMPLAINT - 1

United States Code and are related to a case pending under title 11 in the United States Bankruptcy Court for the Central District of California. The pending bankruptcy proceeding to which the herein claims for relief are related is "In re Pacific Centrex Services, Inc., Debtor, Case No. 1:09-bk-17942-MT (the "PCS Case").

2. This is a core proceeding under 28 U.S.C. Section 157(b). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Bankruptcy Court.

3. Pursuant to 28 U.S.C. Section 1409, venue is proper in the Central District of California, because the PCS Case is pending in this district and division.

**PARTIES**

4. Plaintiff PCS is a California corporation, operating as a Debtor-in-Possession under the Bankruptcy Code ("Code") with certain powers of a Trustee as specified in the Code.

5. Defendant Universal Service Administration Company ("USAC") is a nonprofit corporation designated as the administrator of the Universal Service Fund ("USF") established by the Federal Communications Commission ("FCC").

**GENERAL ALLEGATIONS**

6. PCS is a telecommunications carrier. As such it is required by the rules of the FCC to pay contributions into the USF. The USF promotes availability of quality telecommunications services at affordable rates, increases access to advanced telecommunication services nationwide and advances the availability of such services to all consumers, including those in low income, rural, insular and high cost areas at rates that are reasonably comparable to those charged in urban areas.

7. As administrator of the USF, USAC acts as the data collection agent for required FCC forms that telecommunications carriers are required to provide. USAC collects quarterly interstate and international revenue information from the telecommunications carriers (including PCS) on Quarterly Telecommunications Reporting Worksheets on a quarterly basis and submits accurate information to the FCC. USAC also calculates and submits the expected contribution factor of each

COMPLAINT - 2

telecommunications carrier. Based upon the information provided by USAC, the FCC establishes the contribution factor for each telecommunications carrier for the upcoming quarter. At the beginning of the quarter to which the contribution factor applies, USAC bills all telecommunications carriers for the amounts due based on the contribution factor.

8. During the period commencing on or about October 1, 2002 and extending through on or about June 1, 2009, PCS paid approximately $868,548 to USAC and its collection agents as its contribution to the USF. The contribution amounts were based upon erroneous information that was inadvertently provided to USAC by PCS. In fact, the amount due from PCS to the USF was approximately $540,378 during that period. Accordingly, PCS overpaid in the amount of approximately $328,170.

### FIRST CLAIM FOR RELIEF
### TURNOVER OF PROPERTY TO THE ESTATE
### (11 U.S.C. §542)

9. PCS hereby incorporates by reference those allegations made and contained in paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. The amount of the overpayment constitutes property that the Debtor-in-Possession may use within the meaning of 11 U.S.C. §542(a).

11. USAC should be required to deliver to the Debtor-in-Possession and account for the amount of the overpayment of $328,170.

### SECOND CLAIM FOR RELIEF
### TURNOVER OF PROPERTY BY A CUSTODIAN
### (11 U.S.C. §543)

12. PCS hereby incorporates by reference those allegations made and contained in paragraphs 1 through 8, inclusive, and 10, as though fully set forth herein.

13. As administrator of the USF, USAC is a custodian within the meaning of 11 U.S.C. §543.

14. Pursuant to 11 U.S.C. §543(b) USAC should be ordered to deliver to the Debtor-in-Possession and account for the amount of the overpayment of approximately $328,170.

WHEREFORE, PCS prays for relief as follows:

**On the First and Second Claims for Relief:**

1. For turnover of the overpayment by PCS in the approximate amount of $328,170 plus interest as appropriate;

2. For an accounting to PCS;

3. Costs of suit incurred herein; and

4. For such other and further relief as may be just and proper.

Dated: December ___7___, 2009        LAW OFFICES OF ROBERT M. YASPAN

By: _____
ROBERT M. YASPAN, Cal. SBN 051867
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Telephone: (818) 774-9929
Facsimile: (818) 774-9989
Email: ryaspan@yaspanlaw.com
Attorneys for Debtor/Plaintiff Pacific Centrex Services, Inc.

COMPLAINT - 4